Ordered that copies of this letter
and its attachments be forwarded to
AUSA and defense counsel.

USDJ
2/9/06
cc: L. Aguilar Rojas
D/F

UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

Lino Aguilar Rojas

February 6, 2006

REQUEST FOR DOWNWARD DEPARTURE
BASED ON VIOLATION OF PLEA AGREEMENT

Comes now the defendant, Lino Aguilar Rojas, and moves this Court for a downward departure based on the government's violation of defendant's plea agreement. Defendant relies on <u>United States v. Hernandez</u>, 996 F.2d 62 (5th Cir. 1993), in which the Court of Appeals explained that where a defendant enters into a plea agreement in return for a downward departure based on substantial assistance to authorities, and the defendant satisfies his end of the bargain, the government may not deny the defendant the downward departure by relying on some exercise of prosecutorial discretion. The Court stated as follows:

> We find it difficult, if not impossible, to believe that any defendant who hopes to recieve a motion for a downward departure would knowingly enter into a plea agreement in which the government retains unfettered discretion to make or not make that motion, even if the defendant should indisputably provide substantial assistance.

In the instant case, the defendant executed a plea agreement in which, in return for a downward departure, the defendant agreed to provide substantial assistance to the government. Defendant submits that the government requested and recieved the following information:



RECEIVED FEB 8 2006 PRO SE OFFICE

-1-

Lino Aguilar Rojas
Reg# 63592-053
Metropolitan Detention Center
P.O. Box 329002
Brooklyn N.Y. 11232

February 6, 2006

Honorable Judge Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: USA Vs. Lino Ignacio Aguilar Rojas
( 05 Cr 491 )(AR)

Dear Judge Ross:

By means of this letter, I would like to convey you the following:

That on May 26, 2005. I Lino Aguilar Rojas was arrested at John F Kennedy international airport in Queens by US Custom Agents.

At approximately 12:30pm that day, I was submitted an interrogation by U.S. Custom Agents, where I provided them such information that I had traveled to the United States with two couriers whom I identified as Jaime Beltran and Carlos Thorndike. I stated these individual were carrying drug in their shoes and I also gave the U.S. Custom Agents the location where these individual would usually stay.

Based on this information these individual mention above were arrested at the Ramada Inn hotel near JFK airport.

That on September 2005 defendant Lino Aguilar went on a proffer hearing with defense counsel, Mr Harry C. Batchelder Jr. to the United States Attorney office David Bitkower and U.S. Custom agent Michael Kim.

That during this proffer hearing, I gave details about numerous previous trips that I made as courier to United States. The Government's attorney told defendant in front of person mention above that any information provided during this hearing it would not be use against me, only if I was going to trial.

That on January 30, 2006 The Goverment's attorney sent me a plea offer based offense level (2d1.1(c)(3) 34, less to point of responsability (3e1.1(a) -2 total 32. According to this plea offer the Government office is using my statement against me. In this plea the Government does not mention anything to defendant about giving defendant any credit or downward departure for defendant information.

That, all the information I gave to A.U.S.A. about myself and Co-Defendant's for them to plea to Government's offer, and now the Government is using my testimony, corroborated by my Co-Defendant's to force me into pleading to this outrageous agreement. I supposed the Government is using both party to get what they want, and not standing on what has been offer to defendant by agent Michael Kim. Which is clear on the defendant Complaint. [ Please, see exhibit A ]

Your Honor, base on all mention above I Respectfully beg this Honorable Court to please accept my accepting of responsability. Thank you in advance for your time and understanding in this matter, defendant pray that this Honorable Court would do what is deem just, right and proper according to Judiciary.

Sincerely,

Lino Ignacio Aguilar Rojas
Reg# 63592-053
MDC Brooklyn
80-29th Street
Brooklyn, NY 11232

JP:MKB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

CARLOS THORNDIKE,
JAIME BELTRAN THORNDIKE
and LINO IGNACIO AGUILAR-ROJAS,

        Defendants.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(T. 21, U.S.C. § 846)

EASTERN DISTRICT OF NEW YORK, SS:

        MICHAEL KIM, being duly sworn, deposes and says that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

        Upon information and belief, on or about May 26, 2005, within the Eastern District of New York and elsewhere, the defendants CARLOS THORNDIKE, JAIME BELTRAN THORNDIKE and LINO IGNACIO AGUILAR-ROJAS, did knowingly and intentionally conspire to distribute and posses with the intent to distribute a substance containing heroin, a Schedule I controlled substance, in violation of Title 21 U.S.C. § 841(a)(1).

        (Title 21, United States Code, Section 846).

Exhibit a

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. At approximately 7:00 a.m. on May 26, 2005, LINO IGNACIO AGUILAR-ROJAS arrived at John F. Kennedy International Airport in Queens, New York on Lan Chile Flight Number 530 from Lima, Peru. During the course of a routine Customs examination, Customs inspectors determined that LINO IGNACIO AGUILAR-ROJAS was traveling from a source country and had numerous previous trips to the United States. Further, he was unable to answer routine questions. A baggage check yielded negative results. LINO IGNACIO AGUILAR-ROJAS was then escorted to a private search room, where inspectors conducted a patdown search. Inspectors recovered a small package from his person. The package contained a white powdery substance, which field-tested positive for the presence of cocaine. LINO IGNACIO AGUILAR-ROJAS was placed under arrest and detained by the Port Authority, where he was advised of his <u>Miranda</u> rights.

2. At approximately 12:30 p.m. that day, the Customs Passenger Analysis Unit ("PAU") notified my agency that LINO IGNACIO AGUILAR-ROJAS had been traveling with two suspected drug couriers and that he had made previous trips with these

Exhibit a1

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

individuals. Upon receiving this information, I and other agents interviewed LINO IGNACIO AGUILAR-ROJAS.

3. During the interview, LINO IGNACIO AGUILAR-ROJAS told us that he had traveled to the United States with two drug couriers, whom he identified as "Jaime Beltran" and "Ernesto Thorndike." He also stated that these individuals were carrying drugs in their shoes and that he had made previous drug-related trips with them. He advised that his role during these trips was to act as a "shotgun" for the couriers in that he would shepherd the couriers through Customs and show them where to take the drugs. He further informed us that these individuals would usually stay at hotels in the vicinity of JFK.

4. After searching hotels in the vicinity of JFK, I and other agents found a room registered under the name "Jaime Beltran" at the Ramada Inn Hotel near JFK. At approximately 3:30 p.m., I and other agents knocked on the door of room 461 at the Ramada Inn. An individual later identified as "JAIME BELTRAN THORNDIKE," opened the door and allowed us to enter the room. Upon entering the room, we observed another individual, later identified as CARLOS THORNDIKE, in the room. We identified ourselves as ICE agents and asked to see forms of identification.

5. CARLOS THORNDIKE and JAIME BELTRAN THORNDIKE produced their passports and stated that they had traveled to the United States from Peru with an individual named "Lino." They

gave their consent to search the room and their personal belongings.

6. Upon searching the room, agents discovered two pair of men's dress shoes inside the top drawer of the television stand. When asked about the shoes, CARLOS THORNDIKE indicated that one pair belonged to him. JAIME BELTRAN THORNDIKE claimed ownership of the other pair.

6. Upon inspecting the shoes, agents discovered a package inside each shoe that was shaped like an insole. I asked CARLOS THORNDIKE whether he knew what the packages contained, and he stated that he believed that the packages contained drugs. I then asked JAIME BELTRAN THORNDIKE whether he knew what the packages contained, and he likewise indicated that the packages contained drugs.

7. Each package was found to contain a powdery substance. CARLOS THORNDIKE and JAIME BELTRAN THORNDIKE were then placed under arrest. The substance inside the packages later field-tested positive for the presence of heroin.

**Exhibit a3**

WHEREFORE, your deponent respectfully requests that the defendants CARLOS THORNDIKE, JAIME BELTRAN THORNDIKE and LINO IGNACIO AGUILAR-ROJAS be dealt with according to law.

*[signature]*
MICHAEL KIM
Special Agent
United States Immigration and
Customs Enforcement

Sworn to before me this
27th day of May, 2005

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

Exhibit a4

Despite having furnished this information, the defendant has not recieved any downward departure, as bargained for in his plea agreement. Defendant respectfully requests that this Court grant the defendant a downward departure in return for the substantial assistance that he has provided.

DATED: 02-06-2006

Respectfully Submitted,

Lino Aguilar Rojas
Reg# 63592-053
MDC Brooklyn
80-29th Street
NY, NY 11232