UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                :
UNITED STATES OF AMERICA,                                       :    05-CR-491 (ARR)
                                                                :
    -against-                                                   :    NOT FOR ELECTRONIC
                                                                :    OR PRINT
LINO IGNACIO AGUILAR-ROJAS,                                     :    PUBLICATION
                                                                :
                                    Defendant.                  :    OPINION AND ORDER
                                                                :
---------------------------------------------------------------- X

ROSS, United States District Judge:

Defendant Lino Ignacio Aguilar-Rojas pled guilty before this court on February 8, 2006, pursuant to a plea agreement with the government entered into on the same date. By pro se motion dated January 1, 2007, the defendant moves to withdraw from the plea agreement, alleging that he was coerced into signing it. Defendant does not seek to withdraw his guilty plea. For the reasons stated below, defendant's motion is denied.

## BACKGROUND

On February 8, 2006, the defendant pled guilty to Count One of the indictment, which charged the defendant with conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § § 846 and 841(b)(1)(A)(1). The defendant appeared before the court with counsel, Harry Batchelder.

Prior to entering a guilty plea, the defendant addressed the court directly and explained that he disagreed with the government's estimate in the plea agreement of the applicable sentencing guidelines. The defendant stated that he had provided information at the time of his

1

arrest that led to the arrest of two others and provided additional information at two proffer sessions with the government. (Feb. 8, 2006 Tr. at 4.) During the court appearance, defendant also submitted a pro se motion styled as a "Request for Downward Departure based on Violation of Plea Agreement." No plea agreement was in effect at the time of the defendant's motion; rather, defendant's allegations appear to relate to the government's plea offer. Construed liberally, defendant's motion (1) objected to the government's failure to move for a downward departure based on the defendant's cooperation with the government; and (2) objected to the government's estimate of a base level increase from an earlier plea offer based on information provided at the proffer session. Defense counsel clarified that he had informed his client that the issues raised before the court and in the defendant's pro se motion related to the sentencing calculation and not to the plea agreement. (Id. at 5.)

The court explained to the defendant that, if he entered into the plea agreement offered by the government, he would still have an opportunity to contest the government's estimate of the applicable guidelines at the time of his sentencing. (Id. at 5). The court made clear that it was not bound by the government's estimate of the defendant's sentence and could consider any actions taken by the defendant to cooperate with the government among the relevant factors in determining the appropriate sentence. (Id. at 5-6.) After the court's explanation, the defendant indicated that he would like to plead guilty. (Id. at 8.) The court granted a recess to allow the court interpreter to translate the plea agreement for the defendant. (Id.) After the recess, the defendant reiterated that he did not agree with the estimate of the sentencing guidelines given in the agreement, and the court explained that signing the agreement would not bind the defendant to that estimate. (Id. at 9.) The defendant then stated that he wished to plead guilty before the

court and asked whether he should sign the agreement. (Id.) The court explained that the decision as to whether he should sign the agreement and plead guilty rested with the defendant, in consultation with his lawyer. (Id. at 9-10.) The defendant then indicated that he wished to plead guilty and requested a pen. (Id. at 10.) A signed copy of the plea agreement was given to the court.

After being sworn in, the defendant was carefully examined by the court regarding his understanding of the terms of the plea agreement that he had signed. In response to the court's questions, the defendant indicated that the agreement was translated for him, that he had discussed the agreement with his lawyer, that he understood the agreement, and that he understood that the written agreement set forth his entire agreement with the government regarding his guilty plea. (Id. at 17.) The defendant further indicated that he understood that, under the relevant statute, the court had to impose a prison term of at least ten years and could impose up to a life sentence as well as a term of supervised release of at least five years, a fine of up to $4 million, and a special assessment. (Id. at 18-19.) The defendant also stated that he understood that the government's estimate of the sentencing range was 120 to 135 months (Id. at 20) and that the court could apply a term of imprisonment higher than the sentencing range (Id. at 21). Moreover, the defendant told the court that he understood he was agreeing not to file an appeal or challenge his conviction so long as the court imposed a prison term of 151 months or less. (Id. at 21.) The defendant then pled guilty to conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, and the court accepted his plea. (Id. at 22-27.)

Subsequent to pleading guilty but prior to sentencing, the defendant requested that new counsel be appointed, alleging that his attorney had behaved in an unprofessional and disrespectful manner towards him. (Dft. 5/20/06 Ltr.) In light of his trial schedule, Mr. Batchelder also requested that a new lawyer be appointed to represent Mr. Aguilar-Rojas for his sentencing. (Batchelder 6/13/06 Ltr.) The court subsequently relieved Mr. Batchelder and appointed new counsel.

By letter dated September 19, 2006, the defendant submitted a pro se letter to the court, asserting that he first learned that had signed a plea agreement with the government when he met with his newly appointed counsel. He subsequently submitted the instant motion, dated January 1, 2007, which alleges that the defendant had wanted to plea guilty before the court without a plea agreement but was coerced into signing a plea agreement with the government.

## DISCUSSION

A defendant who wants to withdraw from a plea agreement but not a guilty plea must show a "fair and just reason" for the request. United States v. Lopez, 385 F.3d 245, 252 (2d Cir. 2004). While the defendant's motion is not governed by Fed. R. Crim. P. 11(d)(2)(B), which applies only to motions to withdraw guilty pleas, the requirement to demonstrate a fair and just reason is the same. Id. In reviewing the defendant's request to withdraw from a plea agreement, the court should determine "whether there is credible evidence that the defendant did not freely and voluntarily enter into the plea agreement, either because he was coerced or improperly induced to accept its terms or because he misunderstood them." Id. at 255. The court shall also consider "the extent of any prejudice likely to be suffered by the government." Id.

4

In order to obtain a evidentiary hearing on the question of whether a defendant is entitled to withdraw a guilty plea, "the defendant must present some significant questions concerning the voluntariness or general validity of the plea." United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992). A hearing is not justified "when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simple conclusory." Id. The court applies the same standard to review whether the defendant is entitled to an evidentiary hearing regarding whether his motion to withdraw his assent to the government's plea agreement. Accord United States v. Fajardo, 03 Cr. 156, 2005 U.S. Dist. LEXIS 14698, at * 4 (S.D.N.Y. July 25, 2005).

In the instant motion, defendant asserts that during the recess afforded by the court, "defense counsel, Mr. Batchelder came to visit defendant in the bullpen with the transl[a]tor, Mr. Carmen Pascual[,] and the AUSA, Mr. David Bitkower, and tried to indulge and [c]oerce defendant into The Government['s] Agreement." (Def.'s Mot. ¶ 5.) The defendant explained that he refused to sign the agreement, as he preferred to be sentenced by the court without an agreement. (Id.) The defendant stated then when he was called back to the courtroom, he was asked to sign a document "which defendant believed to be a requisite of the Court, and then learned that defendant was being intraped [sic] into The Government's Agreement." (Id. ¶ 6.) Defendant's motion therefore raises issues concerning the voluntariness of the agreement and his understanding that he signed a plea agreement with the government, as opposed to pleading guilty without an agreement.

The court finds that the defendant is not entitled to an evidentiary hearing, as his allegations are conclusory and contradicted by the record of the February 8, 2006 proceeding.

Mr. Aguilar-Rojas has provided no explanation for his assertion that his attorney and the attorney for the government attempted to coerce him into signing the plea agreement. The record of the proceeding establishes an extensive attempt by the court and the defense attorney to explain the terms of the plea agreement to him. (See Tr. at 2-8.) Furthermore, the fact that the defendant initially refused to sign the agreement during the recess indicates that his ultimate signature of the agreement, which took place only after further explanation from the court, was not the result of coercion. After the recess, the defendant continued to express to the court his disagreement with the estimated sentencing guidelines and requested the court's opinion about whether he should sign the agreement. (Id. at 8-9.) The court explained that it could not advise him on whether to sign the plea agreement; rather, the defendant needed to make this decision in consultation with his lawyer. (Id. 9-10.) After this interchange, the defendant requested a pen and signed the agreement.

Moreover, defendant's assertions that he did not understand that he had signed a plea agreement with the government are directly contradicted by his responses to the court's questions under oath. As indicated above, defendant stated that he signed the plea agreement, that it was translated to him and that he understood it, that he discussed it with his attorney, and that he understood that it set forth his entire agreement with the government relating to his guilty plea. (Id. at 17.) His statements under oath that he understood the agreement and its terms are given a strong presumption of veracity. See Blackledge v. Allison, 431 U.S. 63, 75 (1977).

In addition, Mr. Batchelder, the attorney representing Mr. Aguilar-Rojas at the time he entered into the plea agreement, filed an affidavit with the court disputing the defendant's version of events. Mr. Batchelder denies the accuracy of the defendant's representations that he did not

6

understand the terms of the plea agreement and the implications of pleading guilty pursuant to an agreement. (See Batchelder Aff. ¶ 4.) Mr. Batchelder also explained that he had advised his client prior to the plea allocution proceeding that "if he thought he had constitutional issues he wished to preserve he should enter an open plea and fight the issues by way of a Fatico hearing" and that he had reviewed a sample plea allocution with him. (Id. ¶ 7.)

In sum, the defendant has not satisfied his burden of showing sufficient credible evidence to justify an evidentiary hearing on the voluntariness of his entry into the plea agreement, much less a fair and just reason justifying allowing him to withdraw from the agreement itself. The defendant made clear in the proceeding that he had serious concerns regarding the sentencing estimates in the government's plea agreement, but he ultimately agreed to sign the agreement in open court after being assured by the court and his attorney that entering into the plea agreement would not bind him or the court by those estimates. The defendant's subsequent allegations, made nearly a year after he signed the plea agreement and entered his guilty plea, that he was coerced into signing the agreement are unsupported and contrary to the record before the court. While it is clear that the defendant had differences of opinion with his counsel and that he was not happy with the terms of the government's agreement, he has failed to provide any support for his assertions that he was coerced into signing the plea agreement or that he did not understand that he was pleading guilty pursuant to an agreement with the government.

For these reasons, defendant's motion to withdraw the plea agreement is denied.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: February 26, 2007
Brooklyn, New York

SERVICE LIST:

*Attorney for Defendant*

Margaret M. Shalley
Fasulo, Shalley & DiMaggio, LLP
225 Broadway
Suite 715
New York, NY 10007


*Attorney for the United States*

David Bitkower
United States Attorneys Office
1 Pierrepont Plaza
Brooklyn, NY 11201


cc:  *Former Attorney for Defendant*

Harry Conrad Batchelder, Jr.
Law Offices of Harry C. Batchelder, Jr.
61st Floor
40 Wall Street
New York, NY 10005